IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK BRETT,

    Plaintiff,
v.                                                              CASE NO. 1:21-cv-73-AW-GRJ

DONALD TRUMP, et al.,

    Defendants.
_____/

# ORDER AND
# REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. The Court finds that leave to proceed as a pauper should be granted. For the following reasons, it is recommended that Plaintiff's Complaint be dismissed as frivolous pursuant to the *sua sponte* screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B), the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir.

1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

The Complaint purports to name as defendants former President Trump, former Attorney General William Barr, former New Jersey Attorney General David Samson, and more than 170 other public officials and private individuals.  See ECF No. 1 at 2-3; ECF No. 1-1 at 1-7.  Plaintiff asserts that Defendants have engaged in public corruption, obstruction of justice, bribery, and other offenses.  Plaintiff references various public events and scandals, such as New Jersey's "Bridgegate" scandal.  Plaintiff also references 18 U.S.C. § 3771, which pertains to "rights of crime victims".  Plaintiff's factual allegations are scanty and rambling.  He states that he was a federal undercover informant, and that he and his family were poisoned by seven people.  He does not, however, connect these events to any cognizable cause of action.  In sum, Plaintiff's allegations are incomprehensible and delusional.  See ECF No. 1.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere labels and conclusions are insufficient. *Id.*

Moreover, the Court will not penalize a *pro se* litigant for "linguistic imprecision" but is not required to accept "wildly implausible allegations" as true. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Even liberally construed, the Complaint asserts no identifiable cause of action. Further, "[o]n the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal*, 251 F.3d at 1350. A search of PACER reflects that Plaintiff has filed more than 200 similarly frivolous federal lawsuits. He has been identified as a serial abusive filer and is subject to filing restrictions in other districts, including the Southern District of Florida. *See, e.g., Brett v. Powell,* No. 0:16-cv-60485-KMM (S.D. Fla. 3/11/16) (citing cases and imposing filing restriction in that district); *Brett v. Garcia,* No. 6:15-cv-638-ORL-40, 2015 WL 3404490, at *1 (M.D. Fla. May 26, 2015) (recognizing that Plaintiff has filed additional cases that have been dismissed as frivolous in other courts including "Pennsylvania, Delaware, New Jersey, North Carolina, South Carolina, and the District of Columbia").

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. 371 U.S. at 182. The Court concludes that amendment of the Complaint would be futile

because no amount of re-drafting will cure the defects in Plaintiff's complaint.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Complaint, ECF No. 1, should be **DISMISSED** as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 28th day of April 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.